## TERHUNE *et al.* *v.* COKER & COMPANY.

No error of law having been committed, the plaintiffs having shown a right to recover, and the defendants having failed to establish by evidence the facts set up in their answer and relied on by them as constituting a defense to the action, there was no error in refusing to grant a new trial.

Argued March 25, — Decided April 22, 1899.

Complaint.    Before Judge Harris.    City court of Floyd county.    September 3, 1898.

*Dean & Dean* and *C. N. Featherston*, for plaintiffs.
*M. B. Eubanks*, for defendants.

LUMPKIN, P. J.    This was an action by W. H. Coker & Company against John Terhune Jr., and John Terhune Sr., upon a promissory note executed by them, payable to the Dunahoo Mercantile Co., or order, and indorsed to the plaintiffs. The defense was, that the note had been given for stock sold by the corporation to which the note was made payable to John Terhune Jr.; that the stock delivered to him was not issued lawfully, and that as a consequence the corporation had at the time of the transaction between it and himself no capital stock

which it could legally sell to him; and further, that he had been induced to make the purchase by reason of false and fraudulent representations made by W. H. Coker, the manager of the Mercantile Company, to the effect that it was thoroughly solvent and that the purchaser "could make 60 per cent. upon all money invested in said company," the fact being that the company was totally insolvent and the stock therefore wholly worthless. There was a verdict for the plaintiff against John Terhune Jr., as principal, and John Terhune Sr., as surety, the latter having pleaded and proved that he signed the note in that capacity. The defendants made a motion for a new trial, which was overruled. This motion was based on the general grounds that the verdict was contrary to law and the evidence, and also on other grounds alleging error in rejecting testimony. As to these special grounds of the motion, it is enough to say they present no question of sufficient materiality to require notice at our hands.

On the merits we have, after a careful consideration of the brief of evidence, reached the conclusion that neither branch of the defense was sustained, and accordingly that the verdict was demanded by the evidence. The capital stock of the corporation was fixed by its charter at $2,000, with the privilege of increasing the same to $10,000, and an increase of $1,200 was duly made. Though it appeared that no part of the $3,200 of stock, consisting of the original issue and the $1,200 of new stock, was delivered to John Terhune Jr., it was not affirmatively shown that there had been no further corporate action authorizing the issuance to him of the stock he purchased. Having alleged that the stock he received was issued unlawfully, the burden was upon him to prove it. Besides, the evidence shows that he was recognized by the directors and stockholders of the company as a fellow-stockholder, and that he actually voted the stock held by himself in an election for officers which resulted in his being chosen general manager of the company's business, the duties of which position he subsequently discharged, and the salary connected with which was paid to him, so long as the company continued its operations.

The strongest evidence supporting the other branch of the

defense was the testimony of John Terhune Jr., to the effect that W. H. Coker, in order to induce him to purchase the stock, represented that the company had declared a dividend of 60 per cent. for the preceding year, and had said to him, "I will guarantee that you will make money out there; you will make 60 per cent. on the dollar invested"; and, also, that "the business was all right." The evidence showed that the company had in fact declared a stock dividend of 60 per cent., in pursuance of which the $1,200 of stock already mentioned was issued. The expression of Coker's opinion that Terhune would make 60 per cent. on his investment amounted to no more than a bare conjecture as to what he could do in managing the business, and depended, of course, upon divers contingencies. Certainly the loose statement that the business was "all right" can not be regarded as equivalent to a positive declaration that the corporation was a perfectly solvent and paying concern. Mere "puffing" does not constitute legal fraud, the same not being calculated to really mislead a purchaser, especially when he is afforded a full opportunity to form his own independent opinion as to the advisability of becoming a purchaser, as appeared in the present case.

Our conclusion therefore is that the defense interposed by the defendants was not established, and this being so, the court below properly refused to grant them a new trial.

*Judgment affirmed.    All the Justices concurring.*