61612. GENERAL MOTORS ACCEPTANCE CORPORATION
v. YATES MOTOR COMPANY, INC.
61691. YATES MOTOR COMPANY, INC. v. GENERAL
MOTORS ACCEPTANCE CORPORATION et al.

SOGNIER, Judge.

Plaintiff Yates Motor Company, Inc. (Yates) transferred title and possession of three trucks to defendant Bill Peacock Chevrolet, Inc. (Peacock Chevrolet) in return for three checks totaling $19,860.19. The checks were dishonored because of insufficient funds. Peacock Chevrolet subsequently transferred title and possession of the vehicles to General Motors Acceptance Corporation (GMAC) on a "floor plan" arrangement.

On January 16, 1980 Yates, a Georgia corporation, filed a complaint in the Superior Court of Mitchell County against Peacock

Chevrolet, a Florida corporation, GMAC and J. W. Peacock, Jr., the president of Bill Peacock Chevrolet, individually, alleging conversion. On January 21, 1980 Peacock Chevrolet filed a petition in the United States District Court, Tallahassee, Florida pursuant to the Bankruptcy Code (11 USC § 101 et seq.). J. W. Peacock, Jr. and GMAC timely filed motions to dismiss Yates' complaint for lack of jurisdiction. No answer was filed on behalf of any defendant in the case within the time required by Code Ann. § 81A-112 (a).

On October 15, 1980, after a hearing on the motions to dismiss, the trial court entered an order (1) finding GMAC in default for failure to file defensive pleadings; (2) staying the proceedings as to Peacock Chevrolet in accordance with Section 362 of the Bankruptcy Code (11 USC § 362); and (3) finding the motion to dismiss filed on behalf of J. W. Peacock, Jr., individually, as sufficient to constitute defensive pleadings which made out issues of fact in the case. GMAC moved to open default claiming that the entire proceeding was stayed as to all defendants by the bankruptcy proceedings filed by Peacock Chevrolet and that their motion to dismiss was a sufficient responsive pleading to avoid entry of default judgment against them. Yates filed a motion for default judgment against GMAC. The trial court denied GMAC's motion and ordered the case to proceed to trial by jury on the issue of damages against GMAC. The jury entered a verdict in the amount of $19,860.19 and GMAC appeals. Yates cross appeals claiming the trial court erred in accepting J. W. Peacock's motion to dismiss as a responsive pleading and in refusing to allow Yates to recover attorney fees from GMAC.

1. Appellant GMAC contends that the trial court erred in failing to open default. Code Ann. § 81A-155 (b) provides: "At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of a plea or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and announce ready to proceed with the trial."

There is nothing in the record to indicate that GMAC complied with the statutory requirements to open default. Appellants did not pay costs, nor did they file an answer and announce ready for trial. Under the circumstances the trial court did not err in refusing to open default against GMAC. *Coleman v. Dairyland Ins. Co.*, 130 Ga. App. 228, 229 (202 SE2d 698) (1973); *Taurus Productions v. Maryland &c. Indus.*, 155 Ga. App. 147, 148 (270 SE2d 337) (1980).

2. Appellant GMAC contends, however, that the judgment

entered in default is void for lack of subject matter jurisdiction since the entire proceeding was automatically stayed pursuant to 11 USC § 362 of the Bankruptcy Code. We do not agree.

Section 362 (a) (1) of the Bankruptcy Code provides that ". . . a petition filed under . . . this title operates as a stay, applicable to all entities, of—

"(1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the *debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the *debtor* that arose before the commencement of the case under this title . . ." (Emphasis supplied.)

The purpose of an automatic stay of proceedings against the debtor is to prevent the dissipation of the bankrupt's assets and to avoid the multiplicity of claims in different forums against the estate. Paden v. Union for Experimenting Colleges and Universities, 7 B. R. 289 (DCND Ill. 1980). The automatic stay is broad in scope and applies in almost any type of action against the *debtor* or the property of the estate. It stays collection efforts, harassment, and interference with the debtor's assets. In re Pagitt, 3 B. R. 588, 589 (Bkrtcy, W. D. La. 1980); see also 2 Collier on Bankruptcy § 362.04 (15th Ed. 1980).

Appellant argues that the entire *proceedings* were automatically stayed when Peacock Chevrolet filed its petition in bankruptcy and, therefore, GMAC was not required to file an answer while the bankruptcy case was pending. Appellant cites Federal Life Ins. Co. v. First Financial Group of Texas, 3 B. R. 375 (D. C. S. D. Texas 1980) as authority. In Federal Life Ins. Co., the court declined to grant a severance of individual defendants in an action where one defendant had filed a petition in bankruptcy. The court held that the automatic stay applied to judicial proceedings against a debtor in bankruptcy and its codefendants when the allegations against them arose from the same factual and legal basis, and were "inextricably interwoven."

We decline to follow this interpretation of Section 362 of the Bankruptcy Code. We do not view the allegations against Peacock Chevrolet and GMAC so "inextricably interwoven" as to require application of the stay to GMAC merely because it is a codefendant in the case sub judice. Yates' claim against all defendants alleged a concert of action in the conversion of Yates' property. Although concert of action is not required for a joint tort, the defendants here having produced a single injury to plaintiff are joint tortfeasors and jointly and severally liable for Yates' damages. *Gilson v. Mitchell,* 131 Ga. App. 321, 330 (205 SE2d 421) (1974). Yates had the option of suing the defendant jointly in one suit or separately in two suits and, if he sued jointly, had the right to strike any one of the joint

tortfeasors without affecting his rights to sue the other defendants. *H. W. Brown Transp. Co. v. Edgeworth,* 90 Ga. App. 728, 730 (84 SE2d 103) (1954). It follows that a stay as to one codefendant does not necessarily *require* a stay as to other codefendants where each defendant may be jointly and severally liable. A stay on behalf of the bankrupt codefendant merely suspends the proceedings as to *him.*

The plain language of the Bankruptcy Code itself in Section 362 (a) (1) indicates that proceedings against the *debtor* are stayed. We see no reason to extend the language to include codefendants of the debtor. Other courts have adopted a similar interpretation. See In re Larmar Estates, Inc., 5 B. R. 328 (Bkrtcy. E. D. N. Y. 1980) where the court declined to apply the automatic stay provisions of Section 362 (a) to protect the guarantors of a loan who were sued with the debtors; and see also In re Cloud Nine, Ltd., 3 B. R. 202, 204 (Bkrtcy., D. N. M. 1980) where the court held that issues which did not involve the debtor were to proceed. Thus, the trial court did not err in entering default judgment against GMAC despite the automatic stay of the proceedings as to Peacock Chevrolet.

3. a. Appellant GMAC next contends that the trial court erred by entering default judgment solely against GMAC where all the defendants failed to file an answer and filed only motions to dismiss. GMAC's motion to dismiss challenges personal jurisdiction of the trial court over GMAC. It contains no language that could reasonably be construed as a general denial of the averments of the complaint as required by Code Ann. § 81A-108 (b) nor any specific denials of any of the allegations of the complaint except as to jurisdiction. Thus, the motion fails to pass the test of a responsive pleading. *Bosworth v. Cooney,* 156 Ga. App. 274, 279 (274 SE2d 604) (1980); *Whitby v. Maloy,* 145 Ga. App. 785 (245 SE2d 5) (1978).

b. On cross appeal Yates contends that the trial court erred in finding that J. W. Peacock was not in default because his motion to dismiss was sufficient to constitute an answer. Peacock's motion to dismiss includes a denial of jurisdiction, a defense of failure to state a claim and specifically, an averment that Peacock was acting as a corporate agent only and, therefore, he is not liable individually. We find the language of the motion sufficient to constitute an answer, since it can reasonably be construed as a general denial of liability as well as a specific denial of the principal allegations of the complaint with regard to Peacock's role as agent for Peacock Chevrolet. *Bosworth v. Cooney,* supra.

4. Finally, on cross appeal Yates contends that the trial court erred in refusing to permit him to recover attorney fees from GMAC. Yates alleged that all defendants acted in bad faith, had been stubbornly litigious and had caused plaintiff unnecessary trouble

and expense. The trial court determined as a matter of law that Yates' damages could not include attorney fees. At the trial of the case, Yates offered no evidence regarding attorney fees nor did he tender any evidence to the court regarding attorney fees. Having failed to prove that the attorney's services were of any value whatever, or what a reasonable fee for services would be, Yates is not entitled to recover on this element of his claim. *Talley-Corbett Box Co. v. Royals,* 134 Ga. App. 769, 771 (216 SE2d 358) (1975).

*Judgments affirmed. Shulman, P. J., and Birdsong, J., concur*

DECIDED JULY 9, 1981.

*Jean Laramore,* for appellant (case no. 61612).

*James C. Brim, Jr., Frank S. Twitty, Jr.,* for appellee (case no. 61612).

*James C. Brim, Jr., Alfred J. Powell, Jr.,* for appellant (case no. 61691).

*Jean Laramore, Frank S. Twitty, Jr.,* for appellees (case no. 61691).