74535. HOWARD v. AMERICAN BUSINESS EQUIPMENT OF COLUMBUS, INC.
(362 SE2d 127)

CARLEY, Judge.

Appellant-plaintiff purchased a copier from appellee-defendant, making a part payment of the purchase price and financing the balance. Subsequently, appellant filed suit, alleging that appellee had made fraudulent representations in connection with its sale of the copier. Appellant sought the return of her payments, incidental, general and punitive damages, attorney's fees and interest. Appellee answered and also filed a counterclaim for the unpaid balance owed on the copier. After a period of discovery, appellee moved for summary judgment on appellant's claim. The trial court granted summary judgment in favor of appellee and ordered dismissal of appellant's complaint. Appellant appeals from the trial court's order dismissing her complaint and granting summary judgment to appellee.

1. This case arises out of a complex series of transactions relating

to appellant's purchase of a copier from appellee. It would serve no useful purpose to recite the factual details, as they are unlikely to arise again. While there are certain factual differences between this case and *W. M. Hobbs, Ltd. v. Accusystems of Ga.*, 177 Ga. App. 432 (339 SE2d 646) (1986), our holding in that case is controlling here. Under the evidence, appellant reaccepted the copier after she had allegedly rejected it. Accordingly, appellant has no right to secure the return of the purchase price. Appellant had use of the copier for a significant trial approval period. Accordingly, she has no claim for breach of implied warranties. The trial court did not err in granting summary judgment to appellee as to those issues.

2. Appellant's complaint also alleged fraud on the part of appellee. By its motion for summary judgment, appellee pierced the allegations of fraud that were contained in appellant's complaint. Appellant's affidavit in opposition to appellee's motion for summary judgment did not set forth facts sufficient to support a claim for fraud against appellee. The misrepresentations attributed to appellee by appellant, in both her complaint and in her affidavit in opposition to the motion for summary judgment, amount to nothing more than mere expressions of opinion and sales' puffing or dealer's talk. See generally *Terhune v. Coker & Co.*, 107 Ga. 352 (33 SE 394) (1899); *Marler v. Dancing Water Lakes*, 167 Ga. App. 99 (1) (305 SE2d 876) (1983); *Randall v. Smith*, 136 Ga. App. 823, 825 (222 SE2d 664) (1975). The trial court did not err in granting appellee's motion for summary judgment as to the issue of fraud. See *Plunkett v. Avery*, 134 Ga. App. 204 (213 SE2d 503) (1975).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 16, 1987.

*Lee R. Grogan*, for appellant.
*William H. Young III*, for appellee.