A89A0182. HORTON v. MIDDLE GEORGIA BANK et al.
(380 SE2d 749)

McMURRAY, Presiding Judge.

Plaintiff borrowed $20,000 from the Middle Georgia Bank in order to purchase a "lounge." The transaction was evidenced by a promissory note which plaintiff executed on October 1, 1980. The note bore interest at the annual percentage rate of 14.51. It provided that in the event of prepayment, a refund of the finance charge would be calculated by applying the Rule of 78's method. It also provided that in the event of default, the balance due would be calculated by applying a pro-rata method to the finance charge.

In the fall of 1985, plaintiff fell into arrears and the bank declared the promissory note in default. Plaintiff was advised that the balance due pursuant to the note was $17,353.68. That amount was paid to the bank on January 29, 1986.

Thereafter, plaintiff made further inquiries about the payoff figure. Specifically, he asked about the method used to calculate the balance due. He was informed that the calculation was made pursuant to the Rule of 78's.

Plaintiff obtained counsel and the bank was soon notified that the balance due should have been calculated by applying the pro-rata method to the finance charge. The bank studied the matter and

agreed. It sent a check to plaintiff and his attorney in the amount of $5,393.83. It explained that, using the pro-rata method instead of the Rule of 78's, plaintiff was entitled to an additional refund of $5,016.90. To that amount, the bank added interest at the rate of 14.51 percent (the amount of interest specified in the promissory note).

Plaintiff accepted the $5,393.83 check. Nevertheless, he brought suit against the bank seeking damages for usury and fraud.

The bank answered the complaint and denied it was liable to plaintiff. Following discovery, the bank moved for summary judgment. The trial court granted the bank's motion for summary judgment and plaintiff appealed. *Held*:

1. Plaintiff's usury allegations cannot be sustained. The loan was made to plaintiff when Code Ann. § 57-118 (OCGA § 7-4-6) was in effect. That section provided that with respect to a nonconsumer loan in excess of $3,000, there would be no interest rate limit. Ga. L. 1979, pp. 355, 356. Thus, it cannot be said that the bank charged a usurious rate of interest when it declared the promissory note in default and accelerated the balance due by applying the Rule of 78's method. The bank may have breached the terms of the promissory note. It did not engage, however, in usury. See generally *Fidelcor Mtg. Co. of Ga. v. Tyroff*, 250 Ga. 900 (302 SE2d 96). The trial court did not err in granting the bank's motion for summary judgment upon the usury issue.

2. In support of its motion for summary judgment, the bank submitted the affidavit of W. T. Harvey, an officer of the bank. He averred that he was responsible for collecting plaintiff's indebtedness to the bank; that the computation of the balance pursuant to the Rule of 78's as opposed to the pro-rata method was an error; and that the error was not made with the intent to deceive or defraud plaintiff. He averred further that he thought the payoff figure given to plaintiff was correct; and that as soon as he learned the payoff figure was incorrect, he took steps to rectify the bank's mistake.

The affidavit of W. T. Harvey effectively pierced the allegations of fraud set forth in plaintiff's complaint. Thus, it was incumbent upon plaintiff to come forward with evidence showing a genuine issue of material fact for trial. OCGA § 9-11-56 (e). Plaintiff has come forward with no such evidence. The mere fact that the bank used the wrong method to calculate the payoff figure does not, in and of itself, demonstrate fraud.

"Although the question of fraud is ordinarily within the province of the jury, in plain and undisputed cases it is proper that the determination be made by the court. *Blanchard v. West*, 115 Ga. App. 814 (156 SE2d 164) (1967)." *International Indem. Co. v. Terrell*, 178 Ga. App. 570, 571 (3), 574 (344 SE2d 239). The trial court did not err in

granting the bank's motion for summary judgment upon the issue of fraud. *Howard v. American Business Equip. of Columbus*, 184 Ga. App. 550, 551 (2) (362 SE2d 127).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MARCH 15, 1989 —
REHEARING DENIED MARCH 27, 1989.

Mel Horton, *pro se.*
*James & Carey, James D. Carey,* for appellees.