## A91A1095. WOODS v. ADVANTA LEASING CORPORATION.
### (412 SE2d 607)

POPE, Judge.

Plaintiff/appellee Advanta Leasing Corporation brought suit against defendant/appellant Myrtis L. Woods and defendant Inventory Control Unit seeking damages it contended it was owed because of Woods' breach of the parties' agreement for the lease of security equipment. Advanta subsequently dismissed its action against Inventory Control, the vendor of the equipment, and filed a motion for summary judgment against Woods. The trial court granted Advanta's motion and Woods filed a timely appeal to this court.

The record shows the parties entered into the lease agreement on November 11, 1988 and that Woods paid a security deposit on the equipment. All payments under the lease were to be paid to Advanta. Prior to entering into the agreement, however, Woods received written assurances from the vendor of the equipment that the equipment would be removed from the premises and she would be relieved of all responsibility for the equipment if, within the first 90 days of the agreement, she gave notice that she was "not satisfied with the quality and validity of [the vendor's] service . . . ." Woods made no payments under the lease; however, she did give written notice to both the vendor and Advanta within the first 90 days after signing the lease of her intention to rescind the agreement because of her dissatisfaction with the equipment. She also requested that the equipment be removed from her store and that her security deposit be refunded.

1. Woods first contends that the trial court erred in granting summary judgment to Advanta inasmuch as she was entitled to rescind the agreement because she was fraudulently induced to enter into the lease by the vendor's assurances giving her a "90 day trial run." Advanta argues, and the trial court apparently found, that the alleged fraud of the vendor provided no defense to Woods against Advanta's claims because there is no evidence that the vendor was acting as the agent of Advanta in giving Woods a "90 day trial run." We agree. Woods does not argue on appeal, and no evidence of record suggests, that the vendor was acting as the agent of Advanta in extending the 90-day trial run. See, e.g., *Thompson v. Gen. Motors Ac-*

*ceptance Corp.*, 193 Ga. App. 740 (1) (389 SE2d 20) (1989). To the contrary, the agreement specifically provided that "(1) there is no agency, joint venture or other relationship between L[essor] and the Vendor" and that the vendor was not authorized to act on Advanta's behalf. Additionally, the disclaimer of warranty provision in the lease provided that "no representation, guarantee or warranty by the vendor is binding on lessor nor shall any breach thereof relieve lessee of its obligations to lessor." Although Woods states in her affidavit that she acted in reliance on the vendor's assurances and did not read the lease, there is nothing in the record which would authorize the conclusion that the vendor's assurances somehow relieved her of her obligation to read the lease prior to its execution.

"The express, clear and unambiguous terms of this lease placed [Woods] on notice at the time [she] signed it that representations by vendors, its salespersons, or agents would not bind the lessor. . . . All complaints and redress for breach of warranty or misrepresentations were to be directed to and against the vendor. Thus, the very complaints made by [Woods] in [her] defenses as to the lessor were expressly covered and excluded in the terms of the lease in clear and unambiguous terms." *Petroziello v. U. S. Leasing Corp.*, 176 Ga. App. 858, 861 (338 SE2d 63) (1985).

2. Woods also argues that the acceleration clause contained in paragraph 17 of the lease constitutes an unenforceable penalty under Georgia law. The record shows, however, that Woods failed to raise this issue in the trial court. "[I]t is axiomatic that a ground urged for the first time on appeal will not be considered." (Citation and punctuation omitted.) *Weaver v. ABC Bus*, 191 Ga. App. 614, 615 (2) (382 SE2d 380) (1989). Accord *Hammond v. Paul*, 249 Ga. 241, 242 (1) (290 SE2d 54) (1982).

Woods did argue below, and now urges on appeal, that Advanta should have mitigated its damages by taking the equipment from her store, and then repairing and reselling it when it was notified by Woods of her intention to rescind the contract. However, as noted in Division 1, Woods was not entitled to rescind the contract and thus Advanta was under no obligation to honor her disavowal of the contract and her demands that it repossess the equipment. Moreover, the lease specifically provides that in the event of default it is the duty of the lessee to return the equipment to the lessor upon request. Consequently, under the facts of this case Advanta had no duty to remove the equipment from Woods's place of business.

3. We have examined Woods's remaining enumerations of error and find them to be without merit. Consequently, the trial court's order enforcing the lease and awarding summary judgment to Advanta must be affirmed.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 18, 1991.

*Gershon, Olim, Katz & Loeb, Jay E. Loeb*, for appellant.
*Victoria J. Hoffman*, for appellee.