A91A2045. BROWN v. BUFFINGTON.

(416 SE2d 883)

JOHNSON, Judge.

This is an appeal from a grant of summary judgment in an action for fraud arising out of a short term business relationship. Truett Buffington (Buffington) was operating his own business from his garage, manufacturing and installing cultured marble lavatories. Harold Alton Brown (Brown), a neighbor of Buffington, became interested in the marble product and had Buffington install one of the lavatories in Brown's home. Thereafter the parties agreed that Brown would invest $25,000 in Buffington's business in return for 40 percent ownership thereof. There is disagreement over whether the parties discussed or agreed on any salary for Brown at the time the initial investment discussions were held. As a result of those discussions, however, Brown gave Buffington a check for $25,000 which Brown understood would be used to finance an expansion of the business. Some two months later, following the incorporation of the business and the purchase of some property for a manufacturing site, the parties became involved in a heated argument over the reimbursement of out-of-pocket expenses of the business and ultimately concluded that they could no longer work together. Brown subsequently sued Buffington alleging that he was indebted to Brown in the amount of $25,000 which had been procured by fraud. Buffington moved for summary judgment on the grounds that Brown had failed to prove each of the five necessary elements of fraud. The trial court, having considered "the pleadings, briefs with reference to depositions, and argument of counsel" concluded that the record did not support an action for fraud and granted Buffington's motion for summary judgment.

Brown's sole enumeration is that the trial court erred in its grant of summary judgment. Brown's argument in this case rests not on any alleged misrepresentations made to him by Buffington, or his reliance upon alleged misrepresentations. Instead, Brown asserts that he was insufficiently informed of the financial status and transactions of the business and that his realization of the actual financial condition of the company convinced him that Buffington had had "fraud on his mind" when he induced Brown to invest in the business. Brown concedes that Buffington did not misrepresent "the value of B & B Marble Co., Inc. to induce him to make a capital investment of [$25,000]," nor was Brown unaware of what he was purchasing, to-wit, "a forty (40%) percent [sic] share of the *idea* of the marble company." (Emphasis supplied.) Brown further acknowledges that he never represented that the business would rapidly become successful.

"An action for misrepresentation requires proof of five elements: ' "(1) (t)hat the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." (Cit.)' [Cit.]" *Ekstedt v. Charter Med. Corp.*, 192 Ga. App. 248 (1) (384 SE2d 276) (1989). The trial court has concluded that Buffington, relying primarily on statements made by Brown in his deposition (which has not been made a part of this record), successfully pierced Brown's allegations of fraud and that Brown did not carry his burden to offer rebuttal evidence sufficient to show the existence of a genuine issue as to any material fact. OCGA § 9-11-56 (e). There is no evidence that, in deciding to invest in the business, Brown relied on any knowingly false representations by Buffington. Where (as in this case) Buffington did not have the burden of proof at trial, he likewise did not have the burden to affirmatively disprove Brown's case; he needed only to point out the absence of evidence to support Brown's allegations of fraud by reference to documents in the record (in this instance, Brown's deposition). Having done so, Brown was obliged to "point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Brown has failed to point to any evidence to prove an essential element of fraud, to-wit, that Buffington knowingly misrepresented the condition of the business to Brown. Having failed to meet that burden, there remains no genuine issue of material fact and " '[a]lthough the question of fraud is ordinarily within the province of the jury, in plain and undisputed cases it is proper that the determination be made by the court. [Cit.]' [Cit.]" *Horton v. Middle Ga. Bank*, 191 Ga. App. 51, 52 (2) (380 SE2d 749) (1989). We agree that the trial court did not err in granting Buffington's motion for summary judgment on

the issue of fraud.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1992.

*Arthur L. Phillips,* for appellant.
*Charles V. Bond, Jr.,* for appellee.