A92A2257. GARY v. E. FRANK MILLER CONSTRUCTION COMPANY, INC.
(430 SE2d 182)

COOPER, Judge.

Appellant Patricia S. Gary and her husband entered into a contract with appellee under which appellee was to build a house for the Garys. During the construction, problems arose between the parties. The Garys had concerns regarding appellee's workmanship, and appellee contended that there were insufficient funds in the construction bank account each month from which appellee drew its monthly compensation. As a result, they mutually agreed to rescind the contract and executed a "Contract of Rescission and Release" under which the contract was rescinded. The Garys agreed to pay $2,200 to appellee for expenses incurred in connection with the construction, and appellee released the Garys from liability arising from the construction. The Garys tendered a check to appellee for $2,200 but shortly thereafter stopped payment on the check. Appellee then filed

this action for breach of contract based on the Garys' failure to pay the sum of $2,200 and for fraud and conversion based on the dishonored check. The Garys answered the complaint and asserted a counterclaim for fraud in which they alleged that during the negotiations appellee made misrepresentations regarding the quality of work already completed and the status of certain outstanding obligations related to the construction, specifically, that the framing, cornice and siding work had been completed in a workmanlike manner; that the brick on the driveway wall was properly laid with wall ties; that all roofing work and corrections thereto had been completed in a workmanlike manner; and that appellee had previously secured a sufficient quantity of bricks to complete the house. The Garys alleged that they relied on these misrepresentations in arriving at their decision to rescind the contract and that certain defects were of such a nature as to constitute latent defects, not reasonably discoverable. The case proceeded to trial, and at the close of the evidence, appellee moved for directed verdicts on its complaint and the Garys' counterclaim. The trial court granted directed verdicts on appellee's complaint on the ground that the Contract for Rescission and Release constituted an accord and satisfaction and on the counterclaim, awarding appellee $2,200 plus interest. The court submitted the determination of attorney fees and punitive damages to the jury which returned a verdict in favor of appellee for $10,791.90 in attorney fees and $3,561.76 in punitive damages. This appeal followed. Because Mr. Gary died prior to the trial, Mrs. Gary is the sole appellant.

1. Appellant enumerates as error the improper admission of certain materialman's liens which had been filed against appellant by various subcontractors. Appellant contends the testimony regarding the liens was irrelevant and prejudicial and that appellee failed to establish a proper foundation for the admission of the liens. "The issue as to the relevancy and materiality of evidence is for the trial court. Thus, admissibility of evidence is a matter which rests largely within the sound discretion of the trial court." (Citations and punctuation omitted.) *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (1) (386 SE2d 709) (1989). The general premise of appellee's case was that the Garys made several costly changes to the original plans during construction which resulted in the severe undercapitalization of the bank account which was to fund the construction; that the Garys' complaints regarding faulty workmanship were not genuine; and that the real issue in the case was the Garys' inability to pay appellee coupled with their desire to build a more elaborate home than originally planned. The record shows that the liens were filed by subcontractors who were hired after appellee ceased working on the house and that appellant testified that she was dissatisfied with their work and refused to pay them. Appellee contends the liens were relevant to

demonstrate the Garys' financial situation at the time their check was presented to appellee and their pattern of refusing to pay rightful wages to the persons constructing their house. In our view, any prejudice which resulted from the testimony regarding the liens was outweighed by the probative value of the evidence. Moreover, the record reflects that appellee's testimony provided a proper foundation for the testimony. Accordingly, we find no abuse of discretion.

2. Appellant also contends the trial court erred in granting directed verdicts in favor of appellee. "A directed verdict is authorized only when there is no conflict in the evidence on any material issue and the evidence, with all reasonable deductions and construed in favor of the non-moving party, demands a certain verdict. [Cits.]" *Moore v. American Suzuki Motor Corp.*, 203 Ga. App. 189 (1) (416 SE2d 807) (1992).

Appellant argues that the grant of the directed verdict on her counterclaim for fraud was erroneous because there were "sufficient facts from which an intent to deceive and mislead could be inferred." "An action for misrepresentation requires proof of five elements: (1) that the defendant made the representations; (2) that at the time he knew they were false; (3) that he made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied on the representations; (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made." (Citations and punctuation omitted.) *Brown v. Buffington*, 203 Ga. App. 402, 403 (416 SE2d 883) (1992). Appellant cites to no evidence which demonstrates that appellee knowingly made false statements on the matters included in the counterclaim, nor is there evidence that appellant reasonably relied on such statements in agreeing to the rescission and release. The evidence demonstrates that prior to executing the rescission and release appellant was on the construction site daily and questioned appellee's workmanship very early in the construction process; that the parties performed a walk-through inspection of the construction site prior to the rescission; that appellant made no promises *in connection with the rescission* regarding the quality of the work performed; and that the Garys were fully aware of the problems and deficiencies attendant to the construction of the cornice, siding, framing, skylights, roof line, stucco board and the driveway wall prior to executing the rescission and release. Appellant cannot be heard to say that the deficiencies fraudulently induced her to terminate the contract when, to the contrary, the alleged deficiencies were the factors motivating her agreement to the rescission.

Moreover, there was also no testimony that appellee failed to secure a sufficient quantity of bricks. The evidence shows that the brick supplier estimated the amount of brick necessary to complete the house; that brick was delivered as needed; that due to delays in the

construction occasioned by the various changes to the plan, all of the bricks from the initial stock were not delivered; that after appellee left the project, it was discovered that the bricks remaining from the initial stock were no longer available; and that another order of bricks, which would differ slightly from the initial order, would have to be made.

In agreeing to the rescission and release of the original construction contract there was mutual benefit and detriment. Appellee agreed to forego full recovery under the contract in exchange for its out-of-pocket expenses in the amount of $2,200, and the Garys agreed to release appellee from liability in the construction and were relieved of having to complete the project with a contractor with whom they were dissatisfied. Thus, an accord and satisfaction was achieved. See generally OCGA § 13-4-101. Accordingly, the trial court did not err in granting directed verdicts in favor of appellee.

3. Appellant enumerates as error the admission of certain statements purportedly made by Mr. Gary without the proper foundation. Appellant also complains that the statements were self-serving and elicited from an interested party. However, at trial appellant's counsel objected on the grounds that Mr. Gary was not present at trial to defend himself and that the testimony violated the Dead Man's Statute. " '(I)t is axiomatic that a ground urged for the first time on appeal will not be considered.' . . . [Cits.]" *Woods v. Advanta Leasing Corp.*, 201 Ga. App. 844, 845 (2) (412 SE2d 607) (1991).

4. Appellant contends the trial court erred in its charge to the jury on fraud by injecting the word "or" just prior to stating the third element of fraud instead of "and." However, reading the jury charge as a whole, it does not appear that the jury was misled by the misstatement. *Morrison v. Dept. of Transp.*, 166 Ga. App. 144 (2) (303 SE2d 501) (1983).

5. Appellant also argues that the court erred in failing to instruct the jury as to its award of damages on the directed verdict. Appellant contends that the jury had no way of determining the appropriate level of damages to be awarded as punitive damages and attorney fees without notice of the actual damages awarded. Therefore, since the award of attorney fees and punitive damages is unsupported by any actual damages, it must fail. At the outset, we note that appellant raised no objection to the court's failure to instruct the jury as to its award at trial; thus it is waived. *Woods*, supra. Moreover, we do not view this case, as appellant suggests, as one in which the jury had awarded punitive damages and attorney fees without an underlying damage award. There was an underlying damage award of $2,200 and the jury was properly instructed that its deliberation should be confined solely to the issues of punitive damages and expenses of litigation. Furthermore, the verdict was consistent with the evidence

presented at trial. This enumeration is without merit.

6. Finally, appellant contends that the award of punitive damages must fail because the grant of the directed verdict was on the ground of accord and satisfaction and punitive damages cannot be awarded on causes of action which arise "ex contractu." However, by finding an accord and satisfaction regarding the contract for rescission and release and by charging the jury on fraud, the court properly placed before the jury appellee's claim for fraud and conversion based on the dishonored check upon which an award of punitive damages is authorized. This enumeration is also without merit.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 19, 1993.

*Lawrence E. Burke*, for appellant.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Carol V. Clark, Linda S. Finley*, for appellee.