A93A0203. LAWAL v. STANLEY BOSTITCH
COMPANY, INC. et al.
(433 SE2d 706)

COOPER, Judge.

Appellant was employed by appellee as a mail clerk. Appellant informed appellee that his mother died and requested time off to attend her funeral in the Bahamas. However, while appellant was away,

appellee learned from appellant's immediate family that appellant was not attending his mother's funeral but instead had gone on vacation. Upon appellant's return, his supervisor requested proof of his mother's death in accordance with appellee's funeral leave policy which requires an employee to submit proof of a relative's death before wages are paid for funeral leave. Appellant never provided the required documentation of his mother's death. Appellee also discovered that appellant had submitted duplicate reimbursements for postage and gasoline; that he purchased 120 light bulbs under appellee's name for personal use; and that he failed to repay a travel advance, all at a cost to appellee of $781.57. Three days after appellant's return, he was terminated for allegedly falsifying expense reports and appropriating $781.57 from appellee.

Appellee twice requested repayment of the misappropriated funds in writing. Appellant agreed to repay $327.55 but never made any payment. Consequently, appellant was indicted for theft by taking and filed this action for malicious prosecution and defamation, seeking lost wages, attorney fees and litigation expenses. Appellant sought back wages for the period of time he was on funeral leave and the three days he worked after his return. Appellee answered the complaint and asserted a counterclaim for $781.57. The parties subsequently reached an agreement in conjunction with the district attorney wherein the criminal charge was dismissed in exchange for appellant's voluntary dismissal of the defamation and malicious prosecution claims, leaving for resolution the prayer for lost wages, court costs and attorney fees. Appellee moved the court to dismiss appellant's complaint based on appellant's wilful failure to appear for a deposition and for the entry of summary judgment on the complaint and its counterclaim. In the motion, appellee submitted that appellant was entitled to back wages for the three days he worked prior to his termination and, as a result, reduced its claim to $628.99. The court denied the motion to dismiss appellant's complaint but granted appellee's motion for summary judgment on the complaint and the counterclaim. Appellee was awarded $628.99, and this appeal followed. Appellant contends the trial court erred in granting appellee's motion for summary judgment.

OCGA § 9-11-56 "places the burden on the moving party to show that no material issues of fact exist. The burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time*, or suffer judgment against him. Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be admitted on appeal." *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357) (1977).

In support of its motion for summary judgment, appellee submitted the affidavit of appellant's supervisor who described the methods by which appellant obtained excessive reimbursements for postage and gasoline as well as appellant's purchase of a certain type of light bulb, which appellee did not use and never received, in appellee's name. The affidavit also indicated that appellant signed a promissory note for the travel advance which he never repaid and set forth the circumstances under which appellee declined to pay appellant for the time he was on "funeral leave" due to his failure to provide proof of his mother's death. In addition, the motion included various expense reports, cancelled checks, receipts and demand letters as evidence of appellant's appropriation of appellee's funds in the amount of $781.57. Thus, appellee made a prima facie showing of its entitlement to judgment as a matter of law.

On the other hand, appellant failed to provide a timely response to the motion, and there is no evidence in the appellate record which rebuts the evidence introduced by appellee in support of its motion. Appellant has attached certain documents to his appellate brief which he contends demonstrate that issues remain for resolution by a jury. " 'We cannot consider facts, related by briefs, which do not appear in the record sent up from the clerk of the lower court. (Cit.)' [Cit.]" *Brooks v. Kroger Co.*, 194 Ga. App. 215, 216 (2) (390 SE2d 280) (1990). Accordingly, we find no error in the trial court's grant of summary judgment.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JULY 13, 1993.

Jimmy Lawal, *pro se.*
*Kidd & Vaughan, Gwenn D. Holland*, for appellees.