A94A0246. PAUL v. JOSEPH et al.
(441 SE2d 762)

BLACKBURN, Judge.

The appellant, Barbara Paul, filed the instant action for damages based upon fraud against William Cross and Sharon Davis, individually and as agents of the sellers of the property, Cross & Davis, Rogers Russell, Jr., the first mortgagee, Leon Joseph and James Daniels, individually, and as agents of Apollo Associates, Inc., a brokerage firm representing the sellers, and against C. Terry Blanton, the closing attorney, in his individual capacity and as an employee/agent of C. Terry Blanton Law Office, P.C., based upon fraud, breach of an implied contract, and legal malpractice, all claims arising from the alleged concealment of an arrearage on a first mortgage assumed by Paul in the purchase of real property. Following the commencement of discovery, Russell moved to dismiss the action, and the motion was denied by the trial court.

Blanton, in his individual capacity and as agent of the law office, subsequently moved to dismiss the action against him and the firm and, in the alternative, for judgment on the pleadings based upon the expiration of the applicable statute of limitation, and Paul's failure to attach an expert affidavit. The motion was granted as to the breach of

an implied contract and legal malpractice claims, and this ruling was not appealed. Blanton subsequently amended his motion to dismiss and motion for judgment on the pleadings based upon Paul's failure to state a claim upon which relief can be granted by her admissions in her deposition. Russell, Joseph, and Apollo Associates, Inc., thereafter moved for summary judgment. In addition, Paul notified the court of Russell's petition for reorganization under Chapter 13, asserting that the proceedings were subject to the automatic stay provisions in bankruptcy actions.

On June 2, 1993, the trial court, upon consideration of all pending motions, denied Apollo's motion for summary judgment, but granted the motions for summary judgment in favor of Joseph and Blanton and his law office based upon Paul's admission in her deposition that these defendants were unaware of the arrearage on the assumed loan.[1] The trial court also found that the automatic stay of the bankruptcy proceeding did not apply to the solvent co-defendants. This appeal followed.[2]

On April 23, 1984, Paul executed a written agreement for the purchase of the property in question. Pursuant to the terms of the agreement, Paul would purchase the realty for $37,000, consisting of a $10,000 cash down payment, $11,300 promissory note due and payable within one year of the closing, and an assumption of the existing mortgage in favor of Russell at a balance represented to be $15,700. The property was closed on April 25, 1984, and Blanton, based upon Daniel's request, was the closing attorney. A warranty deed was subsequently executed. Paul made payments pursuant to the outstanding first mortgage through September 1990, at which time she discovered the arrearage on the loan while inquiring of the payoff balance. Consequently, this action ensued.

1. Initially, Paul maintains that the trial court erred in failing to stay the proceedings in reference to appellees Blanton and Joseph based upon Russell's filing of the petition for bankruptcy protection. However, this issue has been decided adversely to Paul in this court's decision of *GMAC v. Yates Motor Co.*, 159 Ga. App. 215 (2) (283 SE2d 74) (1981).

In *GMAC*, we declined to follow a Texas bankruptcy court decision, relied upon by the appellant therein, to apply the automatic stay provision to co-defendants where the allegations arose from the same factual basis and were not so "inextricably interwoven" to require

---

[1] In its order, the trial court also granted Paul's motion for default against defendants Cross, Davis, and the partnership of Cross & Davis.

[2] Although several defendants were involved in the action before the trial court, only Joseph and Blanton in his individual capacity and on behalf of his law office, are involved in this appeal.

such application. Id. at 217. As in the case sub judice, the co-defendants in *GMAC* were joint tortfeasors, and the plaintiff therein had the right to bring separate actions against them or sue them jointly in one action. Even if the plaintiff in *GMAC* sought to remove any tortfeasor from the action, the remaining tortfeasors would not be affected by such action. Contrary to Paul's assertion, a judgment against the remaining tortfeasors in this action is not a judgment against Russell, the bankrupt debtor, as the liability of the defendants is joint and severable. Therefore, the authority that she mistakenly relies upon is inapplicable.

Accordingly, "[i]t follows that a stay as to one codefendant does not necessarily *require* a stay as to other codefendants where each defendant may be jointly and severally liable. A stay on behalf of the bankrupt codefendant merely suspends the proceedings as to *him*. The plain language of the Bankruptcy Code itself . . . indicates that proceedings against the *debtor* are stayed. We see no reason to extend the language to include codefendants of the debtor." Id. at 218. Therefore, the trial court did not err in failing to stay the proceedings in reference to Blanton and Joseph.

2. Next, Paul argues that the trial court erred in granting summary judgment to Blanton and Joseph inasmuch as the sole support for this grant was evidence inadmissible in court. Specifically, Paul maintains that the trial court relied upon a statement allegedly made by Paul that Joseph or Blanton could not have known about the arrearage. Paul asserts that the statement does not appear in the record, the plaintiff has no personal knowledge on which to base such a statement, and there is no factual basis for the statement. We disagree.

The record, viewed in the light most favorable to Paul as the nonmovant, shows that Paul admitted that Joseph made no representations at the closing about the balance or the loan status. In her deposition, Paul further admitted that she did not meet Joseph until April 1991, after the date of closing on the property. Hence, the evidence in the record does not show that Joseph made any misrepresentation to Paul upon which she could have reasonably relied at the time of the closing. An action for fraud requires proof that a defendant knowingly made false representations which were relied upon by the plaintiff. *Gary v. E. Frank Miller Constr. Co.*, 208 Ga. App. 73 (2) (430 SE2d 182) (1993). In addition, Paul further stated in her deposition testimony that her action against Blanton and his firm were based on things that she thought should have been done and were not done. Such an allegation is insufficient to raise an issue of fraud, and only raises an issue of professional negligence. See *Edmonds v. Bates*, 178 Ga. App. 69, 71 (342 SE2d 476) (1986). While Paul now asserts that she lacked personal knowledge on which to make the statements

contained in her deposition, as we stated in *Norair Engineering Corp. v. St. Joseph's Hosp.*, 147 Ga. App. 595, 600-601 (249 SE2d 642) (1978), " '[a] party testifying in his own behalf is not entitled to a finding in his favor if that version of his testimony which is most unfavorable to him shows that he is not entitled to recover. (Cits.)' [Cit.]"

By relying on Paul's deposition testimony, Joseph and Blanton have successfully pierced Paul's allegation of fraud. Inasmuch as Joseph and Blanton have discharged their burden, Paul must "point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Paul has failed to point to any evidence to show that a triable issue of fact remains for jury resolution as to Joseph and Blanton's knowing misrepresentation of the indebtedness on the property, including the arrearage. "[A]lthough the question of fraud is ordinarily within the province of the jury, in plain and undisputed cases it is proper that the determination be made by the court. We agree that the trial court did not err in granting [Blanton and Joseph's] motion for summary judgment on the issue of fraud." (Citations and punctuation omitted.) *Brown v. Buffington*, 203 Ga. App. 402, 403-404 (416 SE2d 883) (1992).

In affirming the trial court's grant of summary judgment in favor of Blanton, we did not consider Blanton's affidavit attached to his appeal brief. As we recently stated in *Lawal v. Stanley Bostitch Co.*, 209 Ga. App. 439, 441 (433 SE2d 706) (1993), "[w]e cannot consider facts, related by briefs, which do not appear in the record sent up from the clerk of the lower court." (Citations and punctuation omitted.) " 'Appellate courts will review only evidence presented to the trial court before its ruling on the motion. Additional evidence will not be admitted on appeal.' [Cit.]" Id. at 440.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1994 —
RECONSIDERATION DENIED FEBRUARY 17, 1994 —

*Bernard & Associates, Patricia D. Bernard*, for appellant.
*Christopher D. Parker, Herman Pierre, Jr., Freeman & Hawkins, Thomas F. Wamsley, Jr., C. Terry Blanton*, for appellees.