In the Matter of John Benjamin
STEWART, Jr., Debtor.

Howard E. Johnson, Movant,

v.

William M. Flatau, Trustee.

No. 04–30528 RFH.

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

March 31, 2005.

Francis N. Ford, Eatonton, GA, for Movant.

William M. Flatau, Wesley J. Boyer, Macon, GA, for trustee.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Howard E. Johnson, Movant, filed on October 4, 2004, a motion to lift the automatic stay. Movant filed an amended motion on October 28, 2004. William M. Flatau, Trustee, filed a response on November 3, 2004. Movant's motion came on for hearing on November 30, 2004. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

John Benjamin Stewart, Jr., Debtor, owned and operated a chain of finance companies. Debtor, to finance his business, obtained unsecured loans from a number of individuals.

Movant loaned $750,000 to Debtor. Debtor executed a promissory note in favor of Movant. Debtor defaulted on his payments. Movant filed a complaint on February 10, 2003, to collect on the promissory note. The complaint was filed in the Superior Court of Greene County, Georgia (the "state court").

On February 19, 2003, Debtor transferred three parcels of real property to the Janice S. Stewart Trust (the "Trust"). Janice S. Stewart was Debtor's wife. The co-trustees were Debtor's sons, John B. Stewart, III and William J. Stewart. Movant and Trustee both contend that the purpose of the Trust was to prevent Debtor's creditors from reaching the property.

The state court, on October 30, 2003, granted Movant's motion for summary judgment. Judgment for $750,000 was entered in favor of Movant and against Debtor on November 13, 2003.

Debtor filed on November 26, 2003, a notice of appeal to the Court of Appeals of Georgia. The court of appeals affirmed the state court's grant of summary judgment on September 23, 2004.[1]

Movant, with leave of court, filed an amendment to his state court complaint on January 3, 2004. The amendment adds Debtor's sons as defendants. The amendment seeks to set aside as fraudulent the transfers of Debtor's property to the Trust. Movant has filed a motion to amend his state court complaint to add Debtor's wife as a defendant.

Debtor filed on March 24, 2004, a petition under Chapter 11 of the Bankruptcy Code. The Chapter 11 case was converted to a Chapter 7 case on April 14, 2004. Trustee is the Chapter 7 trustee of Debt-

or's bankruptcy estate. Debtor died on May 13, 2004.

Trustee has filed adversary proceedings against the Trust and against Debtor's sons.[2] Trustee seeks to set aside as fraudulent Debtor's transfers of property to the Trust. These are the same transfers that Movant seeks to set aside as fraudulent in the state court action. Movant concedes that the actions to set aside the transfers are property of the bankruptcy estate. 11 U.S.C.A. § 541(a) (West 2004).

Movant has filed a third motion to amend his state court complaint. The amendment asserts a cause of action for civil damages under the Georgia RICO (Racketeer Influenced and Corrupt Organizations) Act. O.C.G.A. § 16–14–1, –6 (2003). The amendment contends that Debtor, his wife, and his sons, acting separately and together, committed two or more substantial steps towards the commission of two or more crimes chargeable by indictment. The amendment also contends that the defendants conspired to acquire or maintain an interest in property through a pattern of racketeering. Movant seeks treble damages, punitive damages, and attorney's fees.

Movant concedes that his RICO action against Debtor is stayed by the automatic stay. Movant contends that his RICO action against Debtor's wife and sons is not subject to the automatic stay. Trustee contends that the RICO action against Debtor's wife and sons is property of the bankruptcy estate and that he is the only party who can pursue the action. Trustee has not filed a RICO action against Debtor's wife or sons.

---

**1.** *Stewart v. Johnson,* 269 Ga.App. 698, 605 S.E.2d 111 (2004). The Court notes that this decision was published after Debtor filed for bankruptcy relief.

**2.** Adv. No. 04–3036; Adv. No. 04–3021.

### Property of the Estate

■ Property of the estate includes causes of action that the debtor could have asserted as of the commencement of the case. The bankruptcy trustee has the exclusive right to assert any cause of action held by the estate. The trustee cannot assert a cause of action that belongs solely to the estate's creditors. *Honigman v. Comerica Bank (In re Van Dresser Corp.),* 128 F.3d 945, 947 (6th Cir.1997); *Schertz–Cibolo–Universal City, Independent School District v. Wright, (In re Educators Group Health Trust),* 25 F.3d 1281, 1283–84 (5th Cir.1994).

■ "Whether a particular state cause of action belongs to the estate depends on whether under applicable state law the debtor could have raised the claim as of the commencement of the case." *In re Educators Group Health Trust,* 25 F.3d at 1284. *See also In re Van Dresser Corp.,* 128 F.3d at 947; *Sender v. Simon,* 84 F.3d 1299, 1305 (10th Cir.1996).

■ Trustee relies upon *Edwards Wood Products, Inc. v. Thompson, (In re Icarus Holdings, LLC).*[3] In that case Thompson was the former president, manager, and principal member of the Chapter 11 corporate debtor-in-possession. Thompson allegedly engaged in prepetition financial irregularities that adversely impacted the debtor. Certain creditors of the debtor filed actions in state court contending that Thompson was the alter ego of the debtor. The creditors contended that Thompson was personally liable for the debtor's obligations. The debtor contended that the alter ego claims against Thompson were property of the estate. Judge Walker held that an action to pierce the corporate veil

under an alter ego theory against the former principal of a corporate debtor was property of the estate. Judge Walker held that, under Georgia law, the trustee or debtor-in-possession[4] had the exclusive right to assert the alter ego claim. The creditors filed an appeal to the United States Court of Appeals for the Eleventh Circuit. The circuit court noted that no Georgia law directly addresses whether a trustee or debtor-in-possession can bring an alter ego action against the debtor corporation's former principal. The circuit court has certified the question to the Supreme Court of Georgia.

Trustee's reliance on *Thompson* is not persuasive because Movant's RICO action is not based on an alter ego theory.

The Court is persuaded by *Pate v. Hunt, (In re Hunt).*[5] In that case the debtors and the defendants were alleged to have disposed of $100 million of prepetition assets. The bankruptcy court appointed Independent Trustees who filed an adversary proceeding against the defendants seeking to recover the prepetition assets as preferential transfers or fraudulent conveyances. The Independent Trustees also sought civil damages under federal RICO. 18 U.S.C.A. § 1964. The defendants argued that the Independent Trustees lacked standing to pursue the RICO claims because the debtors had participated in the alleged fraud. The bankruptcy court agreed and stated, in part:

> Under § 541(a)(1), then, the Independent Trustees may pursue their RICO claims against the defendants—the Hunts' alleged co-conspirators—only to the extent that the Hunts themselves

---

3. 290 B.R. 171 (Bankr.M.D.Ga.2002) (Walker, Jr.), *question certified,* 391 F.3d 1315 (11th Cir.2004).

4. The rights, powers, and duties of a debtor-in-possession are essentially the same as those of a trustee. 11 U.S.C.A. § 1107 (West 2004).

5. 149 B.R. 96 (Bankr.N.D.Tex.1992).

could have done so at the time they filed their bankruptcy petitions.

A co-conspirator in a fraudulent act, such as the RICO bankruptcy fraud alleged here, "cannot also be a victim entitled to recover damages, for he cannot have relied on the truth of the fraudulent representations, and such reliance is an essential element in a case of fraud."

149 B.R. at 101.

The bankruptcy court also stated:

The Independent Trustees' First Amended Complaint and RICO Case Statement specifically allege that the debtors participated in the acts giving rise to the RICO claims. Since they were conspirators in the purported fraud prohibited by RICO, the debtors, on the date of their bankruptcy filings, would have been unable to sue the present RICO defendants (their co-conspirators) for the fraud in question.

The foregoing analysis does not preclude a trustee's maintenance of a RICO action against third parties on behalf of an estate where the debtor, prior to filing his bankruptcy petition, could have maintained the same action—where, for example, the debtor did not participate in the fraudulent acts.

149 B.R. at 102.

■ Turning to the case at bar, Debtor, his wife, and his sons are alleged to have participated in a racketeering activity. Debtor, an alleged racketeer, could not assert a RICO action against his co-racketeers. Trustee stands in the shoes of Debtor and is subject to the same defenses and legal infirmities that could have been asserted against Debtor. *Sender v. Simon*, 84 F.3d at 1305; *Paul v. Monts*, 906 F.2d 1468, 1473 (10th Cir.1990); *Boyajian v. DeFusco*, (*In re Giorgio*), 862 F.2d 933, 936 (1st Cir.1988).

The Court is persuaded that Trustee cannot assert a RICO action against Debtor's wife and sons. Thus, the RICO action is not property of the bankruptcy estate.

### The Automatic Stay

The automatic stay operates as a stay, with certain exceptions, of the commencement or continuation of an action or proceeding against the debtor that was or could have been commenced before the bankruptcy case was filed. 11 U.S.C.A. § 362(a)(1) (West 2004).

The automatic stay also operates as a stay of an action against property of the estate. 11 U.S.C.A. § 362(a)(2), (3), (4), (5) (West 2004).

■ "Extension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances." *Sav–A–Trip, Inc. v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999). *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir.2001); *A.H. Robins Co. v. Piccinin*, (*In re A.H. Robins Co.*) 788 F.2d 994, 999 (4th Cir.) *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.E.d.2d 177 (1986).

■ "[T]he automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor." *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3rd Cir.1991). *See Croyden Associates v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir.1992) *cert. denied*, 507 U.S. 908, 113 S.Ct. 1251, 122 L.Ed.2d 650 (1993). *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194, 1196–97 (6th Cir. 1983).

■ "The stay, however, protects only the debtor, unless the debtor and some third party have such a similarity of interests that failure to protect the third party will mean that the assets of the debtor itself will fall into jeopardy." *Fox Valley Construction Workers Fringe Benefit*

*Funds v. Pride of the Fox Masonry and Expert Restorations,* 140 F.3d 661, 666 (7th Cir.1998).

▬ "[A] bankruptcy court may invoke § 362 to stay proceedings against nonbankrupt co-defendants where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment against or finding against the debtor.' " *Reliant Energy Services, Inc. v. Enron Canada Corp.,* 349 F.3d 816, 825 (5th Cir. 2003).

"An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case. To refuse application of the statutory stay in that case would defeat the very purpose and intent of the statute." *A.H. Robins Co.,* 788 F.2d at 999.

▬ The automatic stay does not necessarily extend to nondebtor codefendants who may have joint and several liability. *Paul v. Joseph,* 212 Ga.App. 122, 441 S.E.2d 762, 763 (1994), *cert. denied.*

▬ The Court is not persuaded that the bankruptcy estate and Debtor's wife and sons have such a similarity of interests or identity that a judgment under state RICO against the wife and sons would in effect be a judgment against the estate. Trustee does not contend that Debtor's wife and sons would be entitled to indemnity by the estate. The Court is persuaded that Debtor's wife and sons are not protected by the automatic stay.

Trustee questions the merits of Movant's RICO action against Debtor's wife and sons. The Court is persuaded that the merits of the action should be ruled upon by the state court.

An order in accordance with this memorandum opinion shall be entered this date.