A05A1920. YOUNG et al. v. OAK LEAF BUILDERS, INC. et al.

(626 SE2d 240)

RUFFIN, Chief Judge.

Gregory and Denise Young sued Oak Leaf Builders, Inc. and its president, Carl Lee (collectively, "Oak Leaf"), for breach of contract/warranty, negligence, and fraud. Oak Leaf moved for summary judgment, and the trial court granted its motion. For reasons that follow, we affirm in part and reverse in part.

---

[25] (Citation and punctuation omitted.) *Fairclough v. State*, 276 Ga. 602, 605 (4) (581 SE2d 3) (2003).

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.[1] We review a trial court's grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party.[2]

Viewed in this manner, the record shows that the Youngs hired Oak Leaf to construct a house on a lot that the Youngs had purchased. To fund the project, the Youngs obtained a construction loan from Regions Mortgage, Inc. ("Regions"). The loan documents provided that, after construction, the loan would be converted to a permanent mortgage loan. The documents further stated that construction funds would be disbursed in installments as the work progressed.

After Oak Leaf poured the house foundation, Regions asked the contractor to submit a foundation survey prior to the next "draw" or disbursement of construction funds. Lee obtained a survey, which showed that the foundation encroached upon an easement that gave the City of Lilburn access to a detention pond behind the Youngs' house. Lee provided the survey to Regions, but did not inform the Youngs about the encroachment.

Construction continued, and the Youngs moved into the house in September 2003 with the expectation that it would be completed — and the construction loan converted to a permanent mortgage through a closing — in October. Just prior to the October closing, however, Regions informed the Youngs about the encroachment and indicated that the mortgage could not be closed. The Youngs contacted a lawyer, who sent a demand letter to Lee requesting that Oak Leaf reimburse the Youngs for all expenses associated with building the house.

Oak Leaf refused to pay the demanded sum, but Lee provided the Youngs' attorney with an appraisal demonstrating that the easement encroachment had not affected the value of the house. He also secured a waiver from the City of Lilburn allowing the encroachment. At the City's request — and in consideration for the waiver — the Youngs agreed to indemnify the City for any damage that might be caused when the City used the easement. These steps satisfied Regions, which agreed to permit the mortgage loan closing.

On the advice of their attorney, the Youngs closed on the mortgage loan in January 2004, and Oak Leaf received its final payment at that time. According to Denise Young, she and her husband understood that they had to proceed with the closing or risk defaulting on their construction loan, which was scheduled to convert to a permanent mortgage. Following the closing, the Youngs retained a

---

[1] See *Stronghaven, Inc. v. Ingram*, 252 Ga. App. 124, 125 (1) (555 SE2d 49) (2001).
[2] See id.

new attorney and secured a new appraisal, which, Mrs. Young testified, showed that the encroachment had significantly devalued the home.

In June 2004, the Youngs sued Oak Leaf, alleging breach of contract/warranty and negligence. They subsequently amended their complaint to add a fraud claim. Oak Leaf moved for summary judgment, and the trial court granted the motion on grounds that: (1) the Youngs "were aware of the easement and variance and chose to go forward with final payment to [Oak Leaf]"; and (2) no fraud occurred.

1. *Breach of contract/warranty.* In their complaint, the Youngs alleged that Oak Leaf breached the construction contract and the warranty incorporated in it by defectively building their home on an easement. As they note on appeal:

> Implied in every contract by building contractors is the obligation to perform in a fit and workmanlike manner. This contract duty is breached when the builder fails to exercise a reasonable degree of care, skill, and ability under similar conditions and like surrounding circumstances as is ordinarily employed by others in the same profession.[3]

Lee has admitted that Oak Leaf mistakenly located the house within the City easement, which was shown on the plat for the subdivision. According to Lee, "[i]t was just an accident." Oak Leaf argues, however, that the Youngs cannot recover for breach of contract because they proceeded with the closing and final payment with full knowledge of the encroachment.

To support its argument, Oak Leaf cites several cases involving *rescission* of a contract.[4] The Youngs' complaint, however, does not state a claim for rescission. Rather, it alleges breach of contract/warranty, an entirely different theory of recovery.[5] The cases cited by Oak Leaf, therefore, are inapposite.

Nevertheless, continued performance under a contract *may* waive a claim for breach. Such waiver

> may be express, or may be inferred from actions, conduct, or a course of dealing. Waiver of a contract right may result

---

[3] (Punctuation and footnotes omitted.) *Nulite Indus. Co. v. Horne,* 252 Ga. App. 378, 379 (1) (556 SE2d 255) (2001).

[4] See *Aliabadi v. McCar Dev. Corp.,* 249 Ga. App. 309, 313-314 (2) (547 SE2d 607) (2001); *Paden v. Murray,* 240 Ga. App. 487, 488-489 (1) (523 SE2d 75) (1999), overruled in part, *Browning v. Stocks,* 265 Ga. App. 803 (595 SE2d 642) (2004).

[5] See *Reichman v. Southern Ear, Nose & Throat Surgeons,* 266 Ga. App. 696, 700 (2) (598 SE2d 12) (2004) ("[A] plaintiff must elect to affirm the contract and sue for breach or rescind the contract and sue for fraud.").

from a party's conduct showing his election between two inconsistent rights. Acting on the theory that the contract is still in force, as by continuing performance, demanding or urging further performance, or permitting the other party to perform and accepting or retaining benefits under the contract, may constitute waiver of the breach. However, all the attendant facts, taken together, must amount to an intentional relinquishment of a known right, in order that a waiver may exist.[6]

When the evidence is in conflict, the issue of waiver must be decided by the jury.[7] We find that a conflict exists here. Undoubtedly, the Youngs proceeded with the mortgage loan closing, including final payment to Oak Leaf, after learning about the encroachment. And just before the closing, the Youngs prepared a punch list that did not reference this alleged defect. The record also shows, however, that the Youngs informed Oak Leaf before closing that, in their view, the encroachment resulted from negligent construction that made the home unmarketable. Moreover, they testified that they believed they *had* to close as scheduled to avoid default on their construction loan and foreclosure of the newly built house.

On appeal, Oak Leaf argues that the Youngs offered no evidence that Regions would have — or could have — foreclosed on the construction loan had they not proceeded with the closing in January 2004. But regardless of whether the Youngs in fact needed to close to protect themselves against default, they believed that they did. Oak Leaf also claims that, under the construction contract, the Youngs approved the home construction by making final payment, precluding their breach claim. The contract, however, included a one-year, post-closing warranty on workmanship that required Oak Leaf to correct any work "rejected by the [Youngs] as defective or failing to conform to the contract documents whether observed before or after substantial completion." Thus, although the contract stated that final payment would be made to Oak Leaf "upon final approval of the completed Work," it also established a one-year period for rejecting defective work. And the Youngs did not determine until *after* closing that the encroachment had significantly devalued their house.[8]

---

[6] *Bollea v. World Championship Wrestling*, 271 Ga. App. 555, 562 (5) (610 SE2d 92) (2005).

[7] See id.

[8] We express no opinion on whether the Youngs properly complied with various contractual requirements, such as the notice obligations associated with a warranty claim and/or the agreement to arbitrate. We merely note that, given the time period for rejecting defective work created by the warranty, as well as the operative facts underlying this case, the "final approval" language associated with payment under the contract is not dispositive of the waiver issue.

Under these circumstances, a jury could reasonably find that the Youngs did not intend to waive their right to demand workmanlike performance by proceeding with the closing and resulting payment to Oak Leaf.[9] Accordingly, the trial court erred in granting summary judgment to Oak Leaf on the breach of contract/warranty claim.

2. *Negligent construction.* The trial court also erred in granting summary judgment on the negligent construction claim. Such claim exists independently from a contract action and arises "from breach of a duty implied by law to perform the work in accordance with industry standards."[10]

In its summary judgment motion and brief, Oak Leaf did not specifically address this claim, arguing instead that the Youngs' decision to proceed with the closing despite knowledge of the encroachment undermined their contract claim. It has presented no authority or argument establishing that the Youngs' decision also barred their negligence claim as a matter of law. Apparently, it believes that the negligence claim falls with the contract claim. As noted above, however, these claims are distinct. And even if their viability were intertwined, we found in Division 1 that factual questions remain as to whether the Youngs' conduct constitutes a waiver of their contract claim. Accordingly, the trial court erred in granting summary judgment on the tort claim.[11]

3. *Fraud.* We agree with the trial court, however, that summary judgment was appropriate on the Youngs' fraud claim. To support this claim, the Youngs must show: (1) a false representation or concealment of material fact; (2) scienter; (3) intent to induce the allegedly defrauded party to act or refrain from acting; (4) justifiable reliance; and (5) damages.[12] When evidence as to any one of these elements is lacking, the fraud claim fails.[13]

On appeal, the Youngs assert that they were fraudulently induced to make the final payment to Oak Leaf by (1) Lee's statement at the loan closing that he had "worked everything out with the City of Lilburn"; (2) Lee's representation that the Youngs' neighbor had

---

[9] See *Bollea*, supra; *Stronghaven*, supra at 128 (summary judgment not warranted on waiver issue where jury could find that party did not intend to waive contractual provision).

[10] *Rowe v. Akin & Flanders, Inc.*, 240 Ga. App. 766, 769 (2) (525 SE2d 123) (1999).

[11] See *Cox v. Edelson*, 243 Ga. App. 5, 7-8 (1) (530 SE2d 250) (2000) (appellate court generally will not affirm grant of summary judgment on ground not raised below); *Frank Woods Constr. Co. v. Randi*, 177 Ga. App. 438, 439 (2) (339 SE2d 406) (1986) (trial court erred in granting summary judgment on all claims in complaint when arguments raised in summary judgment motion only related to one claim).

[12] See *ReMax North Atlanta v. Clark*, 244 Ga. App. 890, 893 (537 SE2d 138) (2000).

[13] See *Howard v. Technosystems Consolidated Corp.*, 244 Ga. App. 767, 770 (2) (536 SE2d 753) (2000).

agreed to let the City access the detention pond through the neighbor's property; and (3) Lee's failure to inform the Youngs immediately about the encroachment when he discovered the problem after pouring the foundation. With respect to Lee's alleged statement at closing, the record does not demonstrate any *mis*statement. Lee had, in fact, secured a waiver from the City that allowed the closing to proceed. We fail to see how this statement constituted a false representation.[14]

The Youngs also contend that Lee falsely represented that their neighbor would provide access to the detention pond through the neighbor's property. But even if such misrepresentation occurred, the Youngs presented no competent evidence that they relied on the statement in closing the loan and authorizing final payment to Oak Leaf. Denise Young testified at deposition that, on the advice of counsel, she and her husband closed the mortgage loan to avoid defaulting on the construction loan. A fear of default, therefore, drove the Youngs to proceed with the closing and resulting payment, not reliance on any misstatement or action by Lee. Although Mrs. Young attempted to create a factual issue as to reliance in a post-deposition affidavit, the affidavit contradicts her prior deposition testimony without explanation and thus cannot defeat summary judgment on this issue.[15]

Finally, the Youngs offered no evidence that Lee's failure to immediately inform them about the encroachment influenced their decision to close on the mortgage loan and pay Oak Leaf. On the contrary, the Youngs learned of the encroachment several months before they proceeded with the closing and final payment. Lee's omission, therefore, did not induce such payment. Accordingly, the trial court properly granted Oak Leaf summary judgment on the fraud claim.[16]

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 19, 2006.

---

[14] See *Marshall v. King & Morgenstern*, 272 Ga. App. 515, 521 (5) (613 SE2d 7) (2005).

[15] See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (2) (343 SE2d 680) (1986). In her affidavit, Denise Young asserted that if she and her husband had known that Lee failed to obtain an access agreement from their neighbor, they would not have made the final payment to Oak Leaf. Such testimony – which implies that the Youngs relied on Lee's alleged misstatement in deciding whether to close the mortgage loan and pay Oak Leaf – contradicts her prior explanation as to why they proceeded with the closing and resulting payment.

[16] See *Howard,* supra at 771 (summary judgment on fraud claim appropriate when plaintiff fails to present evidence relating to essential element).

*Leon A. Van Gelderen, Stephen M. Levinson*, for appellants.
*Larry E. Stewart*, for appellees.