A07A1665. PACHECO v. CHARLES CREWS CUSTOM HOMES, INC. et al.

(658 SE2d 396)

JOHNSON, Presiding Judge.

On April 12, 2004, Deborah Pacheco entered into a construction contract with Charles Crews Custom Homes, Inc. to build a $122,440 residential house in Berrien County. After construction began, Pacheco became upset with various issues involving the house, including the timetable for completion of the house, the high cost of the fireplace and chimney, higher than expected material prices, the color of the stucco, assorted electrical, plumbing and painting problems, and $6,900 worth of mahogany doors that had been delivered to her home by mistake. In September 2004, Pacheco hired an attorney to terminate her relationship with Charles Crews Custom Homes. The attorney drafted mutual releases which were executed by both parties on October 11, 2004. The general release executed by Pacheco stated as follows:

I, DEBORAH PACHECO, . . . hereby release and forever discharge Charles Crews Custom Homes, Inc., and any other person, firm or corporation, charged or chargeable with liability or responsibility, from any and all claims, demands, actions or causes of action, of any kind whatsoever, which I have, or could hereafter have, on account of, arising out of or in connection with that certain contract dated April 12, 2004, whereby Charles Crews Custom Homes, Inc. agreed to build a home for Deborah Pacheco on W.D. Nash Road in Berrien County, Georgia.

And further this release is to carry with it a full and final release of the above named Charles Crews Custom Homes, Inc. from any and all liability from any and all claims, demands, actions or causes of action of every nature and kind whatsoever now existing or which may arise, including, but not limited to all claims for property damage to my property, loss of rental income, out of pocket expenses, mental anguish and any and all other claims directly or indirectly growing out of said contract. And in full of all other claims of any nature occurring prior to the date thereof.

And I hereby expressly state that the above consideration is in full for this release and that there is no understanding or agreement of any kind for any further or future consideration whatsoever, implied, expected or to come to me in money or otherwise.

On the same date, Pacheco issued a check in the amount of $2,583.73 to Charles Crews Custom Homes marked as "FINAL PAYMENT/SETTLEMENT." Pacheco subsequently hired builder Mark Swain to complete construction of her home, but he was not able to satisfy Pacheco or collect payment from Pacheco.

On February 8, 2006, Pacheco filed suit against Charles Crews Custom Homes, Charles Crews and Sherry Crews (hereinafter "Charles Crews Custom Homes") seeking damages for alleged fraud and negligent construction. Charles Crews Custom Homes filed a motion for summary judgment based on the ground that Pacheco's claims were barred under the general release executed by her on October 11, 2004. The trial court granted Charles Crews Custom Homes' motion for summary judgment and, in a separate order, assessed attorney fees against Pacheco in the amount of $3,000 for filing a frivolous lawsuit. Pacheco appeals. We find no error and affirm the trial court's orders.

1. Pacheco contends the trial court erred in granting Charles Crews Custom Homes' motion for summary judgment based on the October 11, 2004 release executed by her. We disagree. The release at issue clearly terminates the contractual relationship between Pacheco and Charles Crews Custom Homes and clearly bars any future claims against Charles Crews Custom Homes. In agreeing to the rescission and release of the original construction contract there was mutual benefit and detriment. Charles Crews Custom Homes agreed to forego full recovery under the contract in exchange for its out-of-pocket expenses, and Pacheco agreed to release Charles Crews Custom Homes from liability in the construction and was relieved of having to complete the project with a contractor with whom she was dissatisfied. An accord and satisfaction was achieved and the release is binding.[1]

In an effort to set aside the release, Pacheco argues that the release was procured by fraud. However, she failed to provide the trial court with any evidence to support her fraud claim. In order to set aside a general release on the basis of fraud, a plaintiff must show five elements: (1) a false representation or concealment of a material fact, (2) that the defendant knew the representations or concealment were

---

[1] See OCGA § 13-4-101.

false, (3) an intent to induce the allegedly defrauded party to act or refrain from acting, (4) justifiable reliance by the plaintiff, and (5) damages as a result of the false representations or concealment.[2] When evidence as to any one of these elements is lacking, the fraud claim fails.[3]

On page 14 of her appellate brief, Pacheco contends "[e]lement number 1 was satisfied by the entering into the contract by the parties." However, Pacheco has not pointed to any misrepresentations or concealments knowingly made by Charles Crews Custom Homes or explained how the terms of the original contract induced her to terminate the contract and/or sign the general release.[4] Nor has Pacheco identified any evidence which shows that she was induced to terminate the construction contract and/or execute the general release because of false misrepresentations or concealments made by Charles Crews Custom Homes. The record indisputably shows that Pacheco was not satisfied with the work performed by Charles Crews Custom Homes and that this dissatisfaction motivated her to hire an attorney to draft the release at issue. Pacheco cannot now claim that any deficiencies fraudulently induced her to terminate the original contract.[5]

Likewise, Pacheco cannot claim justifiable reliance on any alleged misrepresentations or concealments. The record is clear that Pacheco was aware of numerous defects in her house before seeking to terminate the construction contract. In light of such knowledge, Pacheco should have performed an inspection of the house prior to taking the irrevocable step of signing the general release.[6]

Pacheco also argues that Charles Crews Custom Homes committed fraud by signing the release and subsequently orchestrating a burglary to recover mahogany doors worth $6,900. However, the evidence in the record clearly establishes that Pacheco knew the doors had been delivered to her house by mistake and that the doors were removed from Pacheco's house by Southern Builders, the company that had erroneously delivered the doors to Pacheco. Pacheco has not proven that she had a property interest in the mis-delivered doors or that she was harmed by the alleged burglary. And she clearly has not proven any fraud on the part of Charles Crews Custom

---

[2] *Young v. Oak Leaf Builders*, 277 Ga. App. 274, 278 (3) (626 SE2d 240) (2006); *Gary v. E. Frank Miller Constr. Co.*, 208 Ga. App. 73, 75 (2) (430 SE2d 182) (1993).

[3] See *Young*, supra.

[4] See *Bircoll v. Rosenthal*, 267 Ga. App. 431, 435-437 (1), (2) (600 SE2d 388) (2004) (buyer's bald assumption that defendants must have known of defects was insufficient to establish fraud – fraud must be based on knowing concealment or misrepresentation of facts).

[5] See *Gary*, supra.

[6] See *Meyer v. Waite*, 270 Ga. App. 255, 258 (1) (a) (606 SE2d 16) (2004).

Homes. The trial court did not err in granting Charles Crews Custom Homes' motion for summary judgment based on the release.

Pacheco also argues that the release is invalid because the attorney who prepared the release represented both parties to the transaction and, therefore, had a conflict of interest. We first note that Pacheco has failed to identify any specific harm arising out of the dual representation, but merely claims that "some harm should always be presumed." However, proof of damages is always an element in any fraud claim.[7] Here, the evidence shows that Pacheco was the party who hired the attorney to prepare the releases and that he prepared the releases according to Pacheco's wishes. In addition, although Pacheco contends there was an existing attorney-client relationship between the attorney she hired and Charles Crews Custom Homes, the record is devoid of any evidence establishing that such a relationship existed prior to the execution of the release at issue in this case. The trial court properly found the release valid and binding in this case.

2. Pacheco asserts that the trial court erred in assessing attorney fees in this case. We again disagree. In reviewing a fee award under OCGA § 9-15-14 (a), this Court must determine whether the claim in question had some factual merit or presented a justifiable issue of law.[8] We must affirm the award if there is any evidence to support it.[9]

Here, the release executed by Pacheco clearly bars her claims. Because Pacheco knew of the release before she filed her suit and because she failed to produce any evidence which would void this release, the trial judge did not abuse his discretion by awarding attorney fees to Charles Crews Custom Homes. "With a minimum amount of diligence," Pacheco could have determined before filing suit that the fraud claims against Charles Crews Custom Homes were groundless.[10]

3. Charles Crews Custom Homes has requested that this Court impose sanctions for frivolous appeal against Pacheco. Court of Appeals Rule 15 (b) provides that this Court may impose a penalty not to exceed $1,000 against any party and/or any party's counsel in a civil case in which there is a direct appeal which is determined to be frivolous. When the law is indisputably clear concerning the issues raised on appeal, frivolous appeal penalties may be imposed.[11]

Upon reviewing the record, we agree with the trial court that Pacheco's complaint lacked merit and that her pursuit of the claims

---

[7] See *Young*, supra; *Gary*, supra.

[8] See *Bircoll*, supra at 431.

[9] Id.

[10] See id. at 437.

[11] See *Suchnick v. Southern Gen. Ins. Co.*, 196 Ga. App. 687, 688 (396 SE2d 609) (1990).

constituted frivolous litigation. We also agree with Charles Crews Custom Homes that a frivolous appeal penalty is appropriate. The trial court's order certainly put Pacheco on notice that her claim was frivolous.[12] Even after the assessment of attorney fees by the trial court, however, Pacheco continued in her effort to raise arguments completely lacking in merit. Because Pacheco had no valid reason to anticipate reversal of the trial court's orders, we conclude that this appeal was brought only for purposes of delay.[13] We, therefore, assess a penalty for frivolous appeal against Pacheco in the amount of $1,000 pursuant to Court of Appeals Rule 15 (b). The trial court is hereby directed to enter judgment for a $1,000 penalty against Pacheco and in favor of Charles Crews Custom Homes upon return of the remittitur.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 27, 2008.

*Terry R. Barnick*, for appellant.
*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Zachary R. Cowart*, for appellees.

---

[12] See *Hightower v. Kendall Co.*, 225 Ga. App. 71, 73 (5) (483 SE2d 294) (1997).
[13] See *Marchelletta v. Seay Constr. Svcs.*, 265 Ga. App. 23, 30 (5) (593 SE2d 64) (2004).