A10A0719. HENDERSON v. SCHKLAR.
(695 SE2d 323)

MIKELL, Judge.

Edward C. Henderson, Jr., and Edward C. Henderson, Jr., LLC, appeal the grant of summary judgment entered in favor of Edwin J. Schklar in this breach of contract action. We affirm.

> On appeal from the grant of summary judgment this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

In the instant case, appellants executed a document entitled "Global Settlement Agreement and Mutual General Releases" (the "Agreement") with appellee, Edwin J. Schklar, LLC, and Schklar, Ney & Heim, LLC, which purported to resolve outstanding disputes over attorney fees.[2] In the Agreement, appellants agreed to pay the sum of $1,462.50 to Adorno & Yoss, LLC, at the execution of the Agreement and to pay appellee Schklar $210,000, in three equal payments of $70,000, on or before May 31, 2009, October 31, 2009, and December 31, 2009, respectively. The Agreement also provided, in pertinent part, as follows:

> If the Henderson parties fail to timely make any of the payments set forth above on or before the date required by this Agreement or otherwise breach any term of this Agree-

---

[1] (Citations and punctuation omitted.) *City of Gainesville v. Dodd*, 275 Ga. 834, 837 (573 SE2d 369) (2002).

[2] Appellee herein executed the Agreement as manager of both corporate entities.

ment, all amounts owed by the Henderson parties to the Schklar parties shall be accelerated and shall become immediately due and payable without demand, and the Schklar parties shall have a cause of action for the immediate recovery of the total unpaid balance of the Settlement Funds.

Finally, the Agreement contained a "time is of the essence" clause. It is undisputed that the Agreement was valid and binding.

After learning that the check that Henderson tendered to Adorno & Yoss, LLC, upon execution of the Agreement had been dishonored, Schklar filed the instant action, alleging breach of contract and seeking attorney fees in accordance with the Agreement. Schklar moved for summary judgment, which the trial court granted.

1. Appellants argue that the trial court erred in granting summary judgment to Schklar because the affidavits filed by appellants in opposition to the motion for summary judgment created genuine issues of fact with regard to appellants' defenses of repudiation and partial failure of consideration. In support thereof, appellants rely on OCGA § 13-4-23, which provides that "[i]f the nonperformance of a party to a contract is caused by the conduct of the opposite party, such conduct shall excuse the other party from performance." Appellants argue that Schklar's conduct of accelerating the payments on the Agreement after appellants' initial check was dishonored for insufficient funds excused appellants' nonperformance. We disagree.

The law is clear that

> if the parties [to a contract] *expressly agree that time* shall be important; if they stipulate that a thing shall be done or not done, at a given time, then *time* is of the essence of the contract, and it must be observed. Courts of Equity, as well as of law, will hold the parties to their agreement; they will make for them no new contract. Even if the stipulation as to time be arbitrary, if the parties make it, it must be carried into effect; the intention must prevail.[3]

When appellants tendered a check that was dishonored, they breached the terms of the Agreement.[4] Appellants then breached the contract a second time when they failed to tender the $70,000

---

[3] (Footnote omitted; emphasis in original.) *Piedmont Center 15 v. Aquent, Inc.*, 286 Ga. App. 673, 676 (649 SE2d 733) (2007), quoting *Sneed v. Wiggins*, 3 Ga. 94, 102 (1847).

[4] See *Saunders, Stuckey & Mullis, Inc. v. Citizens Bank & Trust Co.*, 265 Ga. 453, 455

installment that was due on May 31, 2009. Thus, in accordance with the terms of the Agreement, Schklar was authorized to accelerate the payments due thereunder. Appellants have pointed to no other conduct of Schklar's which constituted justification for appellants' nonperformance under the contract. "Summary judgment is appropriate when no genuine issue of material fact exists."[5] As no genuine issue of fact remained here, Schklar was entitled to judgment as a matter of law.

2. Appellants next argue that the trial court erred in ruling that they waived the defense of failure to join an indispensable party by failing to file an answer to Schklar's amended complaint.[6] This argument lacks merit and has no bearing on the outcome of this case. We note, too, that appellants provided no record citation whatsoever to show that they attempted to raise this defense in the court below.

3. Schklar has requested that this Court impose sanctions for frivolous appeal against appellants. Court of Appeals Rule 15 (b) provides that this Court may impose a penalty not to exceed $2,500 against any party and/or any party's counsel in a civil case in which there is a direct appeal which is determined to be frivolous. "When the law is indisputably clear concerning the issues raised on appeal, this Court may impose frivolous appeal penalties."[7] Because appellants here "had no valid reason to anticipate reversal of the trial court's orders, we conclude that this appeal was brought only for purposes of delay[, and,] therefore, assess a penalty for frivolous appeal against [appellants] in the amount of [$2,500]."[8] The trial court is hereby directed to enter judgment for a $2,500 penalty against appellants and in favor of Schklar upon the return of the remittitur.[9]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED APRIL 29, 2010.

*Taylor, English & Duma, Edward C. Henderson, Jr.*, pro se.

---

(458 SE2d 337) (1995) ("A check constitutes payment when it is honored") (citation omitted).

[5] (Footnote omitted.) *Aaron v. Ga. Farm Bureau Mut. Ins. Co.*, 297 Ga. App. 403 (677 SE2d 419) (2009).

[6] In a footnote to its order granting summary judgment to Schklar, the trial court commented that appellants had waived any "real-party-in-interest" defense. Schklar is the appellee in the instant case and is the party to whom appellants have been directed to pay the judgment.

[7] (Citation omitted.) *Golden Atlanta Site Dev. v. R. Nahai & Sons, Inc.*, 299 Ga. App. 654, 655 (1) (b) (683 SE2d 627) (2009).

[8] (Footnote omitted.) *Pacheco v. Charles Crews Custom Homes*, 289 Ga. App. 773, 777 (3) (658 SE2d 396) (2008).

[9] Id.

*Schklar, Ney & Heim, William B. Ney*, for appellee.